## C. AFONG *vs.* KALE.

### DESERTING CONTRACT SERVICE.

### APPEAL FROM POLICE COURT, HONOLULU.

### SPECIAL TERM, MARCH, 1889.

### JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The defendant, a contract laborer, consented to work on his employer's schooner, in place of his sugar plantation; held, to be a voluntary change of the kind of work he was to perform under his contract, and not a violation of any of the terms of his contract.

### OPINION OF THE COURT, BY BICKERTON, J.

This cause comes here on appeal from the Police Court, Honolulu, on question of law, where the defendant was charged as above; the complaint was afterward amended by charging defendant with refusing to serve under his contract. After hearing testimony the Police Justice ordered defendant to " return to the service of C. Afong, in the district of Hilo, Hawaii, and if defendant refuse to return he is committed to prison, there to remain at hard labor until he consent to serve according to law." The defendant claims that the contract is void, for the reason that C. Afong permitted defendant to work on his schooner, in place of the plantation at Hilo, the place where he agreed to work under his contract.

### BY THE COURT.

It is conceded by defendant's counsel that he, defendant, consented to work on the schooner, in place of the plantation and agreed with the plaintiff to do so; it was a voluntary change of

the kind of work he was to perform under his contract. There was nothing to prevent his returning to work on the plantation if he so desired.

The plaintiff does not ask, or is defendant ordered, to return to work on the schooner; he is ordered to return to the plantation and work out his contract.

Section 1423 Compiled Laws, reads: "If any master shall be guilty of cruelty, misusage or violation of any of the terms of his contract towards any person bound to serve, such person may make complaint to any district or police justice, who shall summon the parties before him, examine into and hear and determine the complaint, and if the complaint shall be sustained such person shall be discharged from all obligations of service."

This is the statute under which the defendant could have proceeded if he had desired to be released from his contract. And if he had so proceeded, the circumstances of this case would not have warranted the police justice in releasing him from his contract. This case certainly cannot be said to come within the meaning and intent of the said statute. We are of the opinion that the Police Justice was right in making the order he did. And the judgment of the lower court is affirmed.

*J. A. Magoon,* for plaintiff.

*J. H. Barenaba,* for defendant.